UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

97-0383 CR-GRAHAM

MAGISTRATE JUDGE
JOHNSON

UNITED STATES OF AMERICA )
) CASE NO. _____
) 18 U.S.C. §371
v. )
)
HUGO PERERA )         INFORMATION
)
_____)

FILED by __ D.C.
97 MAY 14 PM 3:26
CARLOS JUENKE
CLERK U.S. DIST. CT.
S.D. OF FLA.-MIAMI

The United States Attorney charges that:

### COUNT 1

1.  Beginning on or about April 12, 1985, and continuing until on or about October 17, 1991, in Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**HUGO PERERA,**

did knowingly and willfully combine, conspire, confederate, agree and reach a tacit understanding with another person to defraud the United States and an agency thereof, specifically the Internal Revenue Service, by impeding, impairing, obstructing and defeating the lawful government functions of this agency, in violation of Title 18, United States Code, Section 371.

### OBJECT OF THE CONSPIRACY

2.  It was the object of the conspiracy for the defendant, **HUGO PERERA,** to make false statements to the Internal Revenue Service on his personal income tax returns by stating a legitimate source for his reported income when in truth and in fact the source of his income was from illegal narcotics transactions, and thereby

impede, impair, obstruct and defeat the lawful government functions of the Internal Revenue Service in collecting and analyzing information contained in personal income tax returns required to be filed with the Internal Revenue Service.

## MANNER AND MEANS OF CONSPIRACY

3.  As part of the conspiracy, the defendant, **HUGO PERERA**, would give his accountant large amounts of cash derived from illegal narcotics transactions.

4.  It was further part of the conspiracy that this same accountant would then issue checks payable to State Leasing Corporation, a company owned and controlled by defendant **HUGO PERERA**.

5.  It was further part of this conspiracy that upon receiving and depositing these checks from his accountant, the defendant, **HUGO PERERA**, would then report a portion of these proceeds as legitimate income to the Internal Revenue Service on his personal income tax returns.

6.  It was further part of this conspiracy that in this manner the defendant, **HUGO PERERA,** exchanged approximately one million dollars with his accountant in an attempt to show a legitimate source for the money he was receiving from illegal narcotics transactions.

## OVERT ACTS

7. In furtherance of the conspiracy and to effect its object, the following overt acts, among others, were committed in the Southern District of Florida, and elsewhere:

    A. On or about April 12, 1985, defendant **HUGO PERERA** filed a false personal income tax return for tax year 1984 stating that he had approximately $62,501 in gross income as a gem salesman.

    B. On or about April 11, 1986, defendant **HUGO PERERA** filed a false personal income tax return for tax year 1985 stating that he had approximately $91,363 in gross income as a gem salesman.

    C. On or about August 21, 1987, defendant **HUGO PERERA** filed a false personal income tax return for tax year 1986 stating that he had approximately $148,784 in gross income as a gem salesman.

    D. On or about May 2, 1988, defendant **HUGO PERERA** filed a false personal income tax return for tax year 1987 stating that he had approximately $123,564 in gross income derived from sales of equipment and mailing lists.

    E. On or about April 10, 1991, defendant **HUGO PERERA** filed a false personal income tax return for tax year 1988 stating that he had approximately $477,720 in gross income derived from sales of equipment and mailing lists.

F.   On or about October 17, 1991, defendant **HUGO PERERA** filed a false personal income tax return for tax year 1989 stating that he had approximately $318,925 in gross income derived from sales of mailing lists and labels.

All in violation of Title 18, United States Code, Section 371.

_____
WILLIAM A. KEEFER
UNITED STATES ATTORNEY


_____
STEVEN R. PETRI
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO. 97-0383 CR-GRAHAM

v.

CERTIFICATE OF TRIAL ATTORNEY*

MAGISTRATE JUDGE
JOHNSON

HUGO PERERA

**Related Case Information**:
SUPERSEDING           Yes ___   No  X
New Defendant(s)      Yes ___   No  n/a
Number of New Defendants    n/a
Total number of counts       n/a

**Court Division**: (Select One)

_X_ Miami    ___ Key West
___ FTL      ___ WPB  ___ FTP

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:     (Yes or No) __No__
   List language and/or dialect _____

4. This case will take __0__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)                              (Check only one)

   I    0 to 5 days       _X_        Petty       ___
   II   6 to 10 days      ___        Minor       ___
   III  11 to 20 days     ___        Misdem.     ___
   IV   21 to 60 days     ___        Felony      _X_
   V    61 days and over  ___

6. Has this case been previously filed in this District Court? (Yes or No) _No_
   If yes:
   Judge _____  Case No. _____
   (Attach copy of dispositive order)

   Has a complaint been filed in this matter? (Yes or No) __No__
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _US v. Hugo Perera, et al., 93-470-CR-Hoeveler_
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____  District of _____

7. This case originated in the U.S. Attorney's office prior to August 16, 1985
   (Yes or No) __No__

   _____
   STEVEN R. PETRI
   ASSISTANT UNITED STATES ATTORNEY
   Court No. A5500048

*Penalty Sheet(s) attached                                          REV.12/12/96

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
## PENALTY SHEET

Defendant's Name: __HUGO PERERA__   97-0383-CR-GRAHAM

MAGISTRATE JUDGE JOHNSON

Count #: 1 -- 18 U.S.C. § 371, Conspiring to defraud the United States

*Max. Penalty: 60 months' imprisonment, 3 years' supervised release, and $250,000 fine
Count #:

*Max. Penalty:
Count #:

*Max. Penalty:
Count #:

*Max. Penalty:
Count #:

*Max. Penalty:
Count #:

*Max. Penalty:
Count #:

*Max. Penalty:

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

REV. 12/12/96

FILED BY ___ DC
97 MAY 14 PM 3:26
CARLOS JUENKE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI